**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**November 20, 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1098**

**STATE OF WISCONSIN**

Cir. Ct. No. **2018TP26**

**IN COURT OF APPEALS**
**DISTRICT II**

IN RE THE TERMINATION OF PARENTAL RIGHTS TO E.W.P., A PERSON UNDER THE AGE OF 18:

V.A.,

    PETITIONER-RESPONDENT,

  V.

M.W.P.,

    RESPONDENT-APPELLANT.

       APPEAL from an order of the circuit court for Kenosha County: DAVID P. WILK, Judge. *Affirmed*.

¶1    GUNDRUM, J.[1]   M.W.P., E.W.P.'s biological father, appeals from an order of the circuit court terminating his parental rights to E.W.P.  For the following reasons, we affirm.

### Background

¶2    V.A., E.W.P.'s mother, filed a petition to terminate M.W.P.'s parental rights to E.W.P. on the grounds of abandonment and failure to assume parental responsibility.   M.W.P. entered a no contest admission on the abandonment ground, and the matter proceeded to the second phase of the termination of parental rights (TPR) proceedings—the disposition phase—during which the circuit court considered whether it was in the best interests of E.W.P. to terminate M.W.P.'s parental rights.  Following an evidentiary hearing, the court determined that it was.  M.W.P. appeals.

### Discussion

¶3    M.W.P. raises two issues on appeal.  He asserts the circuit court erred in not dismissing V.A.'s petition to terminate his parental rights "after V.A.'s husband [M.A.] confronted the guardian ad litem during disposition [proceedings] and told him that he would have blood on his hands."  M.W.P. also contends the court erred by giving insufficient weight "to [this] misconduct of V.A.'s husband" and to the recommendation of the guardian ad litem (GAL) that M.W.P.'s parental rights should not be terminated.  He fails to persuade on either issue.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

¶4     In determining whether to terminate parental rights, a circuit court must decide whether termination is in the child's best interests. *See* WIS. STAT. § 48.427; ***Dane Cty. DHS v. Mable K.***, 2013 WI 28, ¶59, 346 Wis. 2d 396, 828 N.W.2d 198 ("[T]he best interests of the child" is the "domina[nt]" and "paramount consideration" in the disposition phase of a termination proceeding. (citation omitted)).  To make this decision, the circuit court considers, but is not limited to, the following factors:

> (a) The likelihood of the child's adoption after termination.
>
> (b) The age and health of the child, both at the time of the disposition and, if applicable, at the time the child was removed from the home.
>
> (c) Whether the child has substantial relationships with the parent or other family members, and whether it would be harmful to the child to sever these relationships.
>
> (d) The wishes of the child.
>
> (e) The duration of the separation of the parent from the child.
>
> (f) Whether the child will be able to enter into a more stable and permanent family relationship as a result of the termination, taking into account the conditions of the child's current placement, the likelihood of future placements and the results of prior placements.

WIS. STAT. § 48.426(3).  We will affirm the court's decision to terminate parental rights unless the court erroneously exercised its discretion.  *See* ***State v. Margaret H.***, 2000 WI 42, ¶27, 234 Wis. 2d 606, 610 N.W.2d 475.

Decision to Terminate M.W.P.'s Parental Rights to E.W.P.

¶5      Here, the circuit court considered each of these factors, and after weighing the evidence presented, determined that termination of M.W.P.'s parental rights was in E.W.P.'s best interests.  As the evidence supported the court's decision, the court did not erroneously exercise its discretion.

¶6      With regard to the likelihood of E.W.P.'s adoption after termination of M.W.P.'s parental rights—the first statutory factor—evidence presented at the disposition hearing indicates V.A. is married to M.A.; M.A. treats E.W.P. as if E.W.P. is his son; M.A. is willing to adopt E.W.P. and E.W.P. wants M.A. to adopt him; and E.W.P. considers his sister A.P., V.A., M.A., and M.A.'s two children as his family.  In consideration of this first statutory factor, the circuit court found it was likely E.W.P. would be adopted if M.W.P.'s parental rights were terminated.  As shown, this finding is supported by evidence presented at the hearing.

¶7      Regarding the age and health of the child, the circuit court found that E.W.P. was eight, almost nine, years old at the time of the disposition hearing, and his health did not present an impediment to adoption.

¶8      The circuit court also considered whether E.W.P. had a substantial relationship with M.W.P. or M.W.P's family members and whether it would be harmful to E.W.P. to sever any such relationship.  On this factor, the court found that it was "undisputed that [E.W.P.] does not currently have substantial relationships" with M.W.P. or M.W.P.'s family members.  This finding is supported by the evidence as M.W.P. admitted at the hearing that he did not have a substantial relationship with E.W.P., and V.A. and M.W.P. both testified that it had been several years since M.W.P.'s parents last saw E.W.P.  Additionally, a

4

social worker testified that she interviewed E.W.P., and E.W.P. did not say anything about M.W.P.'s relatives and did not appear to have a substantial relationship with M.W.P. or M.W.P.'s family members. At the time of the disposition hearing, M.W.P. had been incarcerated for the prior four and one-half years of E.W.P.'s life, was expected to remain incarcerated until March 2021, and had not had any form of contact with E.W.P. since 2016.

¶9 As to the wishes of the child, the circuit court found that E.W.P. "understands the distinction between his real siblings and siblings. He wants his siblings, as he understands them, to be his real siblings. He wants the person who he identifies as Dad to be his real dad. Those are actions evidencing his wishes." This finding is supported by the testimony at the disposition hearing as the social worker and/or V.A. indicated that E.W.P. expressed he did not want to associate with M.W.P. when M.W.P. gets released from prison, he considers M.A. as his father, and he wants M.A. to adopt him.

¶10 With regard to the "duration of separation of the parent from the child," the circuit court found that M.W.P. had been separated from E.W.P. for approximately three years, about one-third of E.W.P.'s life. The court further found that M.W.P. had been largely removed from E.W.P.'s life since M.W.P.'s incarceration. Evidence presented at the hearing supports these uncontested findings.

¶11 On the question of whether E.W.P. would "be able to enter into a more stable and permanent family relationship as a result of the termination," the circuit court found that if M.W.P.'s relationship with E.W.P. was "sever[ed]," M.A. could adopt E.W.P. and "the benefits of an adoption and the stability that would come from that outweigh any harm that would befall the child from

severing of [the] insubstantial relationships" E.W.P. had with M.W.P. and his family members. The totality of the evidence presented, some of which is detailed above, supports the court's determination in this regard.

¶12 All this said, in the end, M.W.P. does not argue on appeal that any of these findings by the court are unsupported by the evidence. Instead, he argues as follows.

Failure to Dismiss Petition Due to Conduct of V.A.'s Husband

¶13 On the second day of the dispositional hearing, the GAL informed the circuit court that after the first day of the hearing the GAL was walking past V.A. and M.A. in the courthouse when M.A. approached the GAL and told the GAL he had "blood on [his] hands."[2] M.A. then "continued telling [the GAL] more verbal stuff." The GAL "practically ignored" M.A. and informed counsel for both parties about this incident. The court asked the GAL on the second day if he could continue in his role as GAL, to which the GAL indicated he could. Counsel for M.W.P. asked the court to dismiss the petition to terminate M.W.P.'s parental rights because of this incident. The court denied the motion to dismiss.

¶14 M.W.P. contends on appeal that the circuit court erroneously exercised its discretion by not dismissing *V.A.*'s petition to terminate the parental rights of M.W.P. because *M.A.* effectively intimidated the GAL with M.A.'s statement to the GAL that the GAL would have "blood on [his] hands." M.W.P. is correct that we review for an erroneous exercise of discretion the court's decision

---

[2] At the hearing, counsel for M.W.P. told the court that the GAL "has let it be known that he is predisposed to denying the request for termination in this case, and that was well known" to V.A. and M.A.

to grant or deny a motion to dismiss as a sanction, *see **Schultz v. Sykes***, 2001 WI App 255, ¶8, 248 Wis. 2d 746, 638 N.W.2d 604 ("[I]t is well settled that we review a circuit court's decision to impose sanctions, as well as the particular sanction it chooses, for an erroneous exercise of discretion."), but his argument goes nowhere.

¶15    For legal support, M.W.P. relies solely upon ***Schultz***, in which we approved of the circuit court's dismissal of Schultz's lawsuit based upon Schultz's attempt to suborn perjury. ***Id.***, ¶14. In that case, we recognized that our supreme court has identified dismissal as "a harsh sanction" and that the court "has held that dismissal is proper only when the *plaintiff* has acted in bad faith or has engaged in egregious misconduct." ***Id.***, ¶9 (emphasis added).

¶16    The conduct of which M.W.P. complains was conduct by *M.A.*, not *V.A.* V.A., not M.A., is the petitioner and thus the party/"plaintiff" in this case. M.W.P. has identified no case in which our courts have approved of the "harsh sanction" of dismissal where the alleged wrongdoing was committed by a nonparty just because the nonparty may desire the same outcome as the plaintiff/petitioner. Furthermore, M.W.P. has not directed us to any evidence in the record, and we have not been able to find any, indicating V.A. engaged in any bad faith or egregious misconduct whatsoever, or that she even encouraged or in any way supported M.A.'s conduct of which M.W.P. complains. Thus, M.W.P. has provided us with no basis upon which to conclude the circuit court erred in declining to dismiss V.A.'s petition because of M.A.'s conduct.

Failure to Give Sufficient Weight to M.A.'s Misconduct and the GAL's Recommendation

¶17    M.W.P. also asserts the circuit court erred by giving insufficient weight to the "misconduct" of M.A. and to the recommendation of the GAL with regard to terminating M.W.P.'s parental rights.  The court did not err.

¶18    On this point, M.W.P. merely invites us to reweigh the evidence presented to the circuit court.  He cites heavily to the recommendation of the GAL because the GAL indicated it is in the best interests of E.W.P. to not terminate M.W.P.'s parental rights.  M.W.P. conclusorily asserts the court should have given more weight to the GAL's recommendation and "the uncertainties about M.A. as an adoptive parent as exhibited by his litigation behavior."  However, the weight given to presented evidence is left largely to the fact finder, here the circuit court. *See Jacobson v. American Tool Cos.*, 222 Wis. 2d 384, 390, 588 N.W.2d 67 (Ct. App. 1998) (court of appeals "will accept the circuit court's determination as to weight and credibility" of the evidence).  The court considered the appropriate statutory factors, as well as the GAL's recommendation and M.A.'s "misconduct," and thereafter made a rational decision.  To prevail on appeal, M.W.P. must demonstrate how the circuit court erroneously exercised its discretion, not just that M.W.P. prefers a different result and views the evidence differently than the court.[3]  *See Gaethke v. Pozder*, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381 (It is an appellant's burden to demonstrate that the circuit court

---

[3] M.W.P. appears to make several "mini-arguments" throughout his appellate briefing. To the extent he makes such arguments, we are unpersuaded and do not address them as they are insufficiently developed and M.W.P. does not support them with legal authority. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (holding that "[w]e may decline to review issues inadequately briefed" and "[a]rguments unsupported by references to legal authority will not be considered").

erred.).  M.W.P. fails to demonstrate that the court erroneously exercised its discretion.

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.